**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-31131

(Summary Calendar)
_____

VERNELL ALEXANDER obo Nicole
Alexander,

                              Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-2034)
_____

August 9, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Vernell Alexander appeals the district court's order, which denied Defendant Shirley S. Chater's ("Commissioner") motion to remand and dismissed Alexander's complaint with prejudice. We affirm.

    Vernell Alexander filed an application, on behalf of her

_____

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

eleven-year-old daughter Nicole Alexander, for disabled child benefits. Nicole has a verbal IQ of 55. A hearing was held before an administrative law judge ("ALJ"). The ALJ found that Nicole was not disabled and denied Alexander's claim. Alexander exhausted her administrative remedies, and the decision of the ALJ became the final decision of the Commissioner. Alexander then filed suit in district court, seeking review of the Commissioner's decision. The Commissioner filed an unopposed motion to remand the case for further administrative proceedings. After a full review of the record, the district court denied the Commissioner's motion and entered judgment dismissing Alexander's complaint with prejudice. Alexander filed a timely notice of appeal.

Alexander argues that the district court erred when it denied the Commissioner's motion to remand and dismissed her complaint with prejudice. Our review of the denial of disability benefits is limited to two inquiries: (1) whether there is substantial evidence in the record to support the Commissioner's decision, and (2) whether the decision of the Commissioner comports with relevant legal standards. *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991).

Regulations of the Social Security Administration establish the criteria for whether a child's impairment constitutes a compensable disability. *Burnside v. Bowen*, 845 F.2d 587, 590 (5th Cir. 1988). Under these regulations, a child has a compensable

disability if the ALJ finds that the child (1) is not engaged in a gainful activity, (2) suffers from impairments which are "severe," and either (3) suffers from an impairment that meets or equals in severity any of the impairments listed in the relevant regulations, or (4) is otherwise disabled, pursuant to the ALJ's individualized functional assessment. 20 C.F.R. § 416.924(b). The ALJ found that Nicole was not engaged in gainful activity and that her impairment was severe. However, the ALJ also found that Nicole did not suffer from any impairment listed in the applicable regulations, and that Nicole did not suffer from any impairment equal in severity to those listed in the applicable regulations. After conducting an individualized functional assessment, the ALJ also found that Nicole was not otherwise disabled.

Alexander points to 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05(C), in support of her claim that the ALJ's decision is not supported by substantial evidence. Section 112.05, titled "mental retardation," establishes the criteria by which an ALJ determines whether a mentally retarded child is "disabled," for purposes of awarding disability benefits. Section 112.05(C) provides that a mentally retarded child with a valid verbal, performance, or full scale IQ of 59 or less has demonstrated compensable disability. The evidence establishes, and the parties agree, that Nicole has a verbal IQ of 55. However, before benefits may be awarded according to the criteria in § 112.05, the ALJ must first find that the child suffers from mental retardation. Evidence before the ALJ suggested

-3-

that Nicole's low IQ scores were not attributable to mental retardation, but instead to a severe developmental delay. Nicole has a performance IQ of 82, a full scale IQ of 68, and has never been diagnosed as mentally retarded. Therefore, we find substantial support in the record for the ALJ's finding that Nicole does not suffer from any impairment listed in the applicable regulations. Furthermore, we find substantial support in the record for the ALJ's finding that Nicole does not suffer from any impairment that is equal in severity to any of the impairments listed in the applicable regulations.[1]

Having reviewed the record in all respects, and having considered all of Alexander's arguments, we find that the decision of the Commissioner is supported by substantial evidence and comports with relevant legal standards. Accordingly, we hold that the district court did not err when it denied the Commissioner's motion to remand the case for further administrative proceedings and dismissed Alexander's complaint with prejudice.

We AFFIRM.

---

[1] Mental retardation is characterized by significant subaverage general intellectual functioning and significant deficits in adaptive functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05. Nicole's low IQ indicates significant subaverage general intellectual functioning, but the medical diagnostic reports in the record do not conclusively establish significant deficits in adaptive functioning. According to one diagnosis, Nicole's impairment does not affect her communication skills, motor abilities, or social abilities.